UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

FABIAN HERAS,

                    Plaintiff,

   -against-

CT CUSTOM HOME BUILDERS LLC AND
CARLOS A. TENEZACA,

                    Defendants.

---------------------------------------------------------x

**ORDER**

23 Civ. 4166 (JCM)

Plaintiff Fabian Heras ("Plaintiff") commenced this action against CT Custom Home Builders LLC and Carlos A. Tenezaca, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the New York Labor Law, § 190, *et seq.* (Docket No. 1). On March 5, 2024, the parties submitted a Settlement Agreement and General Release ("Agreement") for the Court's review, (Docket No. 35-1), accompanied by a motion for approval of the Agreement, (Docket No. 35), as well as an affidavit setting forth attorney's fees, including hourly rates, tasks, and costs, (Docket No. 35-2).[1]

On March 22, 2024, the Court held a Telephone Conference with the parties to inquire whether the Plaintiff understood how the settlement proceeds were going to be distributed because the Agreement was not clear on this issue. Plaintiff's counsel confirmed that Plaintiff understood the distribution amounts. Thereafter, the Court directed Plaintiff to file an affidavit memorializing this understanding. On March 25, 2024, Plaintiff submitted an affidavit setting forth his understanding and approval of the distribution of the proceeds. (Docket No. 39).

---

[1] On February 9, 2024, the parties consented to the jurisdiction of the undersigned over this matter for all purposes pursuant to 28 U.S.C. § 636(c). (Docket No. 34).

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (internal quotations omitted).

Here, the parties engaged in early settlement discussions and focused on resolving the matter before extensive discovery was conducted. "There is much to be admired in this approach, which conserves both attorney time and judicial resources." *Plizga v. Little Poland Rest. Inc.*, No. 15-cv-08820(LAK)(BCM), 2016 WL 9307474, at *5 (S.D.N.Y. July 18, 2016). Furthermore, based on my review of the record in this case, I find the terms of the Agreement, including the approval of Plaintiff's counsel's fees in the amount of 33%, are a fair and reasonable resolution of the case. *See Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.") (citations omitted). Accordingly, the Court approves the Agreement and dismisses the matter with prejudice.

The Clerk is respectfully requested to terminate the pending motion (Docket No. 35) and

close the case.

Dated:   April 8, 2024
         White Plains, New York

                                              **SO ORDERED:**

                                              _____
                                              JUDITH C. McCARTHY
                                              United States Magistrate Judge